**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **SAHKING BURKE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 4:19-cv-124-AKK-GMB** |
| | ) | |
| **OFFICER TURNBULL, *et al.*,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**<u>NOTICE OF APPEARANCE AND MOTION TO CONFIRM EXTENSION
OF DEADLINE TO FILE SPECIAL REPORT UNTIL MAY 4, 2020 OR,
ALTERNATIVELY, MOTION TO EXTEND DEADLINE TO FILE
SPECIAL REPORT UNTIL MAY 4, 2020</u>**

COMES NOW, R. Rhett Owens, with the law firm Hall Booth Smith, P.C., and enters his appearance as counsel of record for Defendant in the above-styled action, Quinton C. Jackson.

The undersigned further states that he is aware of this Court's Order, dated March 11, 2020 (Doc. 26), establishing April 6, 2020 as his client's deadline to file his Special Report. However, the undersigned is operating under the assumption that this deadline has been continued until at least May 4, 2020 by virtue of the March 17, 2020 General Order of Chief Judge of the United States District Court for the Northern District of Alabama, L. Scott Coogler, a copy of which is attached as Exhibit A. Specifically, the undersigned is interpreting Paragraph 6 of Judge

68711362-1

Coogler's General Order as extending his client's deadline to file his Special Report until at least May 4, 2020.

To the extent the above-described assumption and/or interpretation are incorrect, the undersigned would respectfully request that the Court enter an Order extending Defendant Jackson's deadline to file Special Report until May 4, 2020 and, in connection with making such request, states that the requested extension is not sought for any improper purpose and should not prejudice or disadvantage the inmate Plaintiff.

*/s/ R. Rhett Owens*
R. Rhett Owens (ASB-9215-A52O)

*Attorney for Quinton C. Jackson*

**OF COUNSEL:**
HALL BOOTH SMITH, P.C.
2001 Park Place North, Suite 870
Birmingham, Alabama 35203
Telephone: (205) 533-9650
Facsimile: (205) 435-6850
Email: rowens@hallboothsmith.com

## **CERTIFICATE OF SERVICE**

I hereby certify that I have on this the 2nd day of April 2020, filed the foregoing with the Clerk of the Court, using the ECF filing system, and that I have further served a copy of the foregoing upon the following parties by placing same in the U.S. Mail, postage prepaid and properly addressed as follows:

Sahking Burke, AIS #247602
St. Clair Correctional Facility
1000 St. Clair Road
Springville, AL 35146

*/s/ R. Rhett Owens*
OF COUNSEL



# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA

In re: COURT OPERATIONS DURING
THE PUBLIC HEALTH EMERGENCY
CAUSED BY THE COVID-19 VIRUS

## GENERAL ORDER

The Court continues to monitor the public health emergency resulting from the COVID-19 virus. To date, more than a dozen persons within this district have tested positive for the virus. In line with the guidance provided by the President of United States and the Centers for Disease Control and Prevention, the Court hereby adopts the following rules, which are designed to protect public health by reducing the number of persons who congregate within the district courthouses.

IT IS HEREBY ORDERED:

1. <u>Jury proceedings</u>: All civil and criminal jury trials, and any other proceeding that requires jurors (grand or petit), are hereby **continued** pending further court order.

   - <u>Grand Jury Indictment Period</u>: The above order applies to grand juries. Because jurors will not be available to empanel during the pendency of this General Order, the 30-day time period for filing an indictment is tolled as to each defendant until this order terminates. *See* 18 U.S.C. § 3161(b). In the event that a grand jury was empaneled before the date of this Order and that previously-empaneled grand jury is able to gather to take testimony and deliberate, such proceedings and their results shall be deemed valid and not in violation of this Order.

   - <u>Speedy Trial Act</u>: The Court notes that, due to the growing number of persons in this district who have tested positive for COVID-19, the possibility of gathering an adequate spectrum of jurors could be difficult and could expose more persons to the virus. The Court thus finds that the ends of justice are served by continuing all criminal jury trials to protect the public, and that these public health concerns outweigh the best interests of the public and any defendant's right to a speedy trial. Therefore, the time period resulting from the continuances created by this General Order will be excluded under the Speedy Trial Act, 18 U.S.C. §3161(h)(7)(A). Individual judges presiding over criminal proceedings may take such actions consistent with this General Order as may be lawful and appropriate to ensure the fairness of the proceedings and preserve the rights of the parties, particularly where defendants are detained pending trial. This includes, but is not limited to, continuing all trial-specific deadlines in criminal proceedings.

   - <u>Exceptions</u>: If a criminal defendant seeks an exception to this order to exercise his/her speedy trial right, the defendant shall file a motion for an exception with the District Judge assigned to the case. The District Judge retains the discretion to grant the requested exception in exigent circumstances.

2. <u>Non-jury trials</u>: All non-jury trials scheduled to commence before any district or magistrate judge are hereby **continued** pending further Court order.

3. <u>Other in-court criminal proceedings</u>:  Despite the terms of this Order, the individual judges assigned to a criminal case retain the ability to conduct all other criminal proceedings, including but not limited to, initial appearances, preliminary hearings, detention hearings, the acceptance of guilty pleas, and sentencing. The Court remains mindful of the balance between Defendants' constitutional rights and the present Public Health Emergency and will thus utilize telephone and/or video technology to conduct its proceedings when it is feasible. Before the Court will conduct a guilty plea or supervised release violation hearing, it will first discuss the matter with the attorneys involved in the case to ascertain any concerns they have.

4. <u>Other in-court civil proceedings</u>:  All other civil proceedings scheduled to be conducted in court (*e.g.* motion hearings and status conferences) shall be conducted as scheduled by phone, video conferencing, or other electronic means. Hearings and conferences will not be held in the district courthouses pending further Court order. The Court will contact counsel with instructions on how to participate in these proceedings.

5. <u>Court Operations</u>: The Hugo L. Black and Robert S. Vance Courthouses in Birmingham, as well as the United States Courthouses in Tuscaloosa, Huntsville, and Anniston, will remain **open** for all other business. This includes the Clerk's Office, United States Probation, and United States Pretrial Services.  Entry into these buildings during the Public Health Emergency is governed by the General Order this Court entered on March 11, 2020 (and any amendments).

   - The following activities scheduled in the buildings listed above are **cancelled** until further notice: naturalization ceremonies, attorney admission ceremonies, mock trials, CLE events, and any other non-case-related gatherings.

6. <u>Discovery Deadlines and Depositions</u>: All currently unexpired deadlines and briefing schedules are hereby stayed for 14 days, as this Court understands that the COVID-19 Public Health Emergency may impact attorneys' ability to comply with certain deadlines, such as the production of documents, the filing of briefs, and depositions. This Court will continue to monitor the situation and, unless modified by further Order of this Court, these deadlines shall be automatically stayed for an additional 14 days. Regardless, the district and magistrate judges are free to make exceptions to this stay in extraordinary circumstances. Further, all attorneys and parties are encouraged to continue discovery and briefing when appropriate (for example, when such can be conducted by telework).

7. <u>Effect on Statutory and/or Rules-based Requirements</u>:  Unless otherwise noted above, this Order **does not** toll or otherwise affect the applicability of any statutory or rules-based requirements or deadlines, including but not limited to, statutes of limitation and deadlines for filing appeals.

8. <u>Exigent Circumstances</u>: The Court retains the ability to grant exceptions to this order upon the showing of exigent circumstances. Any requested exception must be electronically filed as a motion in the case in which the exception is requested.

9. <u>Duration</u>: Due to the uncertain length of the Public Health Emergency, this General Order will remain in effect until revoked by further order of the Court.

IT IS SO ORDERED on the 17th day of March, 2020.

L. Scott Coogler
Chief U.S. District Judge
Northern District of Alabama